**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-1967-N-BH** |
| | § | |
| **KEVIN E. TALLEY,** *and all occupants*, | § | |
| **Defendant.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management.  Before the Court for recommendation is *Plaintiff's Motion and Brief in Support of Motion to Remand*, filed July 10, 2012 (doc. 5).  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

This case involves real property located at 4137 Scotland Dr., Grand Prairie, TX 75052-4235 (the property).  Federal National Mortgage Association (Plaintiff) purchased the Property at a non-judicial foreclosure sale.  Kevin E. Talley (Defendant) is the former owner and occupant of the property and remained there after its foreclosure.  The parties do not have a landlord-tenant relationship.

On April 20, 2012, Plaintiff filed a forcible detainer petition in a Justice of the Peace Court of Dallas County, Texas, seeking to evict Defendant and all other occupants from the property.  On May 10, 2012, the Justice of the Peace Court signed a judgment awarding possession of the property to Plaintiff.  Defendant filed a *de novo* appeal of the judgment to the Tarrant County Court at Law No. 1, and removed the *de novo* appeal to this court on June 21, 2012, claiming diversity and federal question jurisdiction under 28 U.S.C. §§ 1331 and 1332 respectively.  Defendant does not specify

a specific basis for federal question jurisdiction in his notice of removal. To establish diversity jurisdiction, he alleges that the parties are citizens of different states as he and all other occupants of the property are citizens of Texas and Plaintiff is a citizen of Washington D.C. He also alleges that the amount in controversy exceeds $75,000.00 because the value of the object of the litigation is $104,000.00, i.e., the current fair market value of the property according to the Tarrant Central Appraisal District. On July 10, 2012, Plaintiff moved to remand this case to the state court for lack of jurisdiction. Defendant filed a response and the motion is now ripe for consideration.

## II.  ANALYSIS

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### A.  Federal Question Jurisdiction

Plaintiff first argues that Defendant has failed to establish federal question jurisdiction.

Federal question jurisdiction exists only when a federal question is presented on the face of

the plaintiff's well-pleaded complaint.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).  Under the second theory to establish federal question jurisdiction, a court must determine whether: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  *Id.* at 338.

Although Defendant does not identify a specific basis for federal question jurisdiction in his removal notice, he asserts in his response that such jurisdiction exists because Plaintiff's complaint alleges a cause of action under 15 U.S.C. § 1681.  A cause of action under § 1681 relates to the accuracy and fairness of credit reporting.  *See* 15 U.S.C. § 1681.  The face of Plaintiff's well-pleaded complaint presents a post-foreclosure forcible detainer action seeking possession of the property at issue; it does not contain any allegations about credit reporting.  Defendant has not met his burden to show that the complaint presents a federally-created cause of action or that the right to relief depends on the resolution of a substantial question of federal law.  He has therefore failed to show that federal question jurisdiction exists over this case.  *See Bank of N.Y. Trust Co. N.A. v. Olds*, 2008 WL 246942, at *2 (N.D. Tex. May 30, 2008) (no federal question presented because the forcible detainer action filed by the bank arose solely under Texas law).

## B.  Diversity Jurisdiction

Plaintiff also argues that the amount in controversy requirement for diversity jurisdiction has

not been met in this case because the amount in controversy in forcible detainer actions is not the value of the property, but the right to possess the property, and Defendant has failed to provide sufficient information upon which the court may determine the value of the right to possess the property.

The amount-in-controversy threshold is a necessary ingredient of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Federal Nat'l Mort. Ass'n v. Loving*, 2011 WL 2517267, at *4 (N.D. Tex. June 23, 2011); *Deutsche Bank Nat. Trust Co. v. Lee*, 2010 WL 5441673, *2 (N.D. Tex. Dec. 23, 2010); *Deutsche Bank Natl Trust Co. v. Thompkins*, 2010 WL 5912610, at *2 (N.D. Tex. Dec. 17, 2010).

Here, Defendant argues that the amount in controversy exceeds $75,000.00 because the real property at issue has a fair market value of $104,000.00, according to the Tarrant Central Appraisal District. While he correctly asserts that "[t]he amount in controversy, in an action for relief, is the value of the right to be protected or the extent [o]f the injury to be prevented," the case law he cites does not apply this rule in the context of a forcible detainer action seeking eviction from foreclosed

property.  *See Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983) (action to nullify and enjoin enforcement of a state court monetary judgment); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dispute over insurance coverage); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996) (action to compel arbitration); *Ezon v. Cornwall Equities Ltd.*, 540 F.Supp. 885 (D.C. Tex. 1982) (forcible detainer action involving right of possession of leasehold).  The only issue raised by the forcible detainer action is the right to possession; the action does not seek money damages, dispute the title to property, or seek any debt related to the property.  Since Defendant has not provided any information from which the court may determine the value of the right to possess the property, the amount in controversy requirement for diversity jurisdiction has not been met, and there is no basis for exercising subject-matter jurisdiction.  Remand is therefore required for lack of subject matter jurisdiction.

## C.  Forum Defendant Rule

Plaintiff finally argues that § 1441(b) does not permit removal by Defendant because he and all occupants of the property are citizens of Texas.

Section 1441(b) provides in relevant part that an action may be removed on the basis of diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  This portion of § 1441(b) is often referred to as the "forum-defendant rule."  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391 (5th Cir. 2009). Because Defendant claims that he as well as all occupants of the property are citizens of Texas and removed this case on the basis of diversity to a federal court sitting in Texas, removal was improper under § 1441(b).  *See Petro Star, Inc. v. Samshin, Ltd.*, 2011 WL 1740212, at * 1 (S.D. Tex. May 4, 2011).  Remand is warranted on this basis as well.

## III.  CONCLUSION

Plaintiff's motion to remand should be **GRANTED**, and the case should be remanded to Tarrant County Court at Law No. 1.

**SO RECOMMENDED** on this 16th day of August, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE